NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

REYNA A., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, E.C., *Appellees*.

No. 1 CA-JV 19-0221
FILED 12-17-2019

Appeal from the Superior Court in Maricopa County
No. JD531664
The Honorable Jennifer E. Green, Judge

**VACATED AND REMANDED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Thomas Jose
*Counsel for Appellee, Department of Child Safety*

---

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Michael J. Brown joined.

---

**C A M P B E L L**, Judge:

¶1          Reyna A. ("Mother") appeals the superior court's order adjudicating her child, Elijah C. ("Child"), dependent. Mother argues the ruling is invalid because the court failed to make specific written factual findings in support of the dependency as required by A.R.S. § 8-844(C)(1)(a) and Arizona Rule of Procedure for the Juvenile Court ("Rule") 55(E)(3). For the foregoing reasons, we vacate, remand, and direct the court to comply with Rule 55(E).

### BACKGROUND

¶2          Mother is the biological parent of then 16-year-old Child. The Department of Child Safety ("DCS") took Child into custody in April 2018 after he had been shot in the foot and had not received appropriate medical care. At the time, Mother was in jail with criminal charges pending. She failed to arrange adequate care for Child during her incarceration and the whereabouts of Father were unknown.[1]

¶3          As relevant here, DCS filed an amended dependency petition alleging that Mother's compromised mental health left Child at risk of harm. Specifically, DCS identified Mother's history of both in-patient and out-patient mental health services, her self-reported PTSD diagnosis, and her inability to provide Child with basic necessities as reasons justifying a dependency.

¶4          At a contested dependency hearing, the State presented evidence that Mother had broken into a woman's home; worn the homeowner's clothing; attempted to "befriend" the homeowner's dog; and forged her name on the homeowner's utility bills to demonstrate that she owned the home. Based on her actions, she later pled guilty to burglary in

---

[1]          Initially, paternity had not been established. In addition to Eric C., the purported father, the court also recognized John Doe as an alleged father. Neither Eric C. nor John Doe are parties to this appeal.

the second degree and received a three-year term of supervised probation. As a special condition of probation, Mother was ordered to participate in mental health services. Mother was offered mental health services by both the probation department and DCS; however, she failed to participate consistently.

¶5        At the conclusion of the contested dependency hearing, the superior court found that DCS had proven the Child was dependent as to Mother by a preponderance of the evidence, and it adjudicated Child dependent. The court orally pronounced the following significant factual findings: (1) Mother failed to arrange for the care and supervision of Child during her incarceration; (2) though currently on probation with mental health terms, a petition to revoke Mother's probation was pending based, among other things, on her failure to actively participate and cooperate in mental health and substance abuse services; (3) Mother had absconded from probation and left the state without Child; and (4) Mother, by her own admission, is addicted to prescription pain and anxiety medication. The superior court found, based on the "bizarre series of facts" in the criminal conviction, coupled with Mother's mental health history, Mother needed mental health services. The court concluded by finding that "Mother's mental health has interfered with her ability to parent [Child] safely," placing Child "in an unreasonable risk of harm."

¶6        The court's minute entry ruling did not include any factual findings, however, instead stating only that "the allegations of the petition are true by a preponderance of the evidence and the [C]hild is dependent as to Mother. . . ." Mother filed a notice of appeal and contemporaneously filed a motion to clarify the court's ruling. She alleged the court "did not satisfy the legal requirements" set forth in A.R.S. § 8-844(C)(1)(a) and Rule 55(E)(3) because it "did not outline what evidence it relied upon to make the determination" of dependency. The superior court denied Mother's motion to clarify.

## DISCUSSION

### I.    Waiver

¶7        Arguing Mother failed to provide the superior court with an opportunity to correct any error, DCS contends that Mother waived her objection to the sufficiency of the court's written findings by first raising the issue in a motion to clarify filed contemporaneously with her notice of appeal. Rule 103(F), however, allows the superior court to rule on issues "in furtherance of the appeal" even after the notice of appeal is filed.

**¶8** Here, Mother sought clarification from the superior court at the same time she preserved her right to appeal from the court's ruling. This is precisely the procedure advocated by the dissent in *Logan B. v. Department of Child Safety*, 244 Ariz. 532 (App. 2018). In that case, the dissent concluded that the parent waived his ability to challenge the lack of written findings because he failed to seek clarification from the superior court. *Id*. at 541–42, ¶¶ 24–32. As the dissent explained, "the goal is to provide the [superior] court and the opposing party with the opportunity to correct errors in the termination order." *Id.* at 541, ¶ 30. Had the parent in that case both sought clarification in the superior court and filed a notice of appeal, he would have preserved his claim on appeal in the event the superior court denied his motion to clarify. *Id.* Although *Logan B.* addressed the requirement of written findings in a termination order rather than in the dependency context, the same logic holds true here. To challenge a superior court's failure to provide written findings, the better practice is to seek redress from the superior court while still preserving the right to appeal. *Id.* at 535.

**¶9** Against this backdrop, we turn to the superior court's denial of Mother's motion for clarification. In that ruling, the court explained, "[n]either the rule (Rule 55) nor the statute (A.R.S. § 8-844) require[] the court to 'set forth in writing' the findings of fact or the factual basis (for the court's ruling)." We disagree.

## II. Which controls—the Rule or the Statute?

**¶10** We review the interpretation of statutes and court rules de novo. *Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 442, ¶ 15 (2018). Unlike the termination statute, the plain language of the dependency statute does not require the court to make written findings. *Compare* A.R.S. § 8-844(C)(1)(a) *with* A.R.S. § 8-538(A). In contrast, Rule 55(E) requires that "[a]ll findings and orders shall be in the form of a signed order or contained in a minute entry."

**¶11** When a statute and a court rule are in procedural conflict, the rule controls.

> The Arizona Constitution commands that the legislative, executive, and judicial departments "shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others." The Constitution also vests this Court with "[p]ower to make rules relative to all procedural matters in any court."

*Seisinger v. Siebel*, 220 Ariz. 85, 88, ¶ 7 (2009) (quoting Ariz. Const. art. 3, art. 6, § 5(5).

¶12　　　　Because Rule 55(E) controls, the superior court is required to make written findings supporting a dependency order akin to the requirement for written findings in the termination context. Compare Rule 55(E)(3) with Rule 66(F)(2)(a). The rationale for the requirement of written findings set forth in Logan B. is equally applicable in the dependency context according to the rules promulgated by the Arizona Supreme Court.

¶13　　　　Here, the superior court made specific oral findings in support of the factual basis for a dependency finding, satisfying the statutory requirements set forth in A.R.S. § 8-844. Rule 55(E), however, requires more—written factual findings in support of a dependency in either a signed order or a minute entry.

## CONCLUSION

¶14　　　　For the foregoing reasons, we vacate, remand, and direct the court to comply with Rule 55(E).



AMY M. WOOD • Clerk of the Court
FILED:  AA